UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM CONRAD PROFFITT,

    Plaintiff,

v.                                              Case No:   6:23-cv-1016-PGB-LHP

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant

---

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES (Doc. No. 27)
>
> **FILED:** January 4, 2024
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

I.   **BACKGROUND.**

On June 1, 2023, Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security (the "Commissioner") regarding the denial of

his application for disability benefits. Doc. No. 1. Pursuant to an unopposed motion to remand, on October 5, 2023, the Court reversed and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. §405(g). Doc. Nos. 22–23, 25. Judgment was entered accordingly the following day. Doc. No. 26.

On January 4, 2024, Plaintiff filed the present motion requesting an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). Doc. No. 27. Plaintiff requests a total of $4,659.63 in attorney's fees under the EAJA. Doc. No. 27; *see also* Doc. Nos. 27, Ex. 1. The Commissioner does not oppose. Doc. No. 27, at 3. The motion has been referred to the undersigned, and the matter is ripe for review.

## II.   DISCUSSION.

### A.   Eligibility for EAJA Fees.

A party may recover an award of attorney fees against the government provided that the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1),

(d)(2).

    *1.    Prevailing Party.*

On October 5, 2023, the Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Doc. No. 25. A plaintiff obtaining a sentence four remand is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Accordingly, Plaintiff is a prevailing party in this case.

    *2.    Timely Application.*

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id.* § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, consequently, a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996).

The judgment in this case was entered on October 6, 2023, the Commissioner did not file an appeal, and Plaintiff filed the present motion on January 4, 2024. Doc. Nos. 26, 27. Accordingly, Plaintiff's motion is timely.

    *3.    Claimant's Net Worth.*

Plaintiff states that his net worth did not exceed $2 million dollars at the time

the action was filed.   Doc. No. 27, at 2.   This statement is uncontroverted.

        4.    *Government's Position Not Substantially Justified.*

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—*i.e.* when it has a reasonable basis in both law and fact."   *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (citation and quotation marks omitted).   The Commissioner bears the burden of proving that her position was substantially justified.   *See United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).   In this case, Plaintiff argues that the Commissioner's position was not substantially justified, and the Commissioner has not argued otherwise.   Doc. No. 27, at 2, 7.   Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

        5.    *No Special Circumstances.*

The undersigned finds no special circumstances that would make an award of fees unjust.

    **B.**    **Reasonableness of EAJA Fee.**

In the motion, Plaintiff states that his counsel spent a combined 19.1 hours in 2023 litigating this case.   Doc. No. 27, at 2–3, 11-13.   Specifically, Plaintiff attests that Attorney Richard A. Culbertson expensed 1.2 hours of work, Attorney Sarah P. Jacobs expensed 7.0 hours for work, and Attorney James W. Keeter expensed 10.9 hours of work.   *Id*.

Plaintiff's requested hourly rate for work performed by his counsel ($243.96 per hour), on average, does not exceed the EAJA cap of $125.00 per hour adjusted for inflation.[1] And upon consideration, the undersigned finds the number of hours of work performed by Plaintiff's counsel reasonable, particularly in the absence of any objection from the Commissioner. *See* Doc. No. 27, at 2–3. Accordingly, the undersigned recommends the Court find that Plaintiff is entitled to recover a total of $4,659.63 in attorney's fees under the EAJA.

A plaintiff, not counsel, is generally entitled to receipt of an EAJA award. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). In the motion, Plaintiff states that: "If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees

---

[1] The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A). *See also* 28 U.S.C. § 2412(d)(2)(A)(ii) (Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996). Calculations of the cost-of-living adjustment using the CPI show that the average adjusted hourly rate for 2023 is $244.61. This figure is calculated by taking the "Annual" CPI rate for 2023 and subtracting from it the March 1996 rate (304.702 – 155.7 = 149.002) and then dividing that number by the March 1996 rate (149.002 ÷ 155.7 = 0.9569). These calculations result in the cost-of-living percentage increase from March 1996 through 2023. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.9569 × 125) + 125 = 244.61). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited January 23, 2024). The undersigned finds that the hourly rate sought by Plaintiff does not exceed the statutory cap of $244.61.

directly to Plaintiff's counsel." Doc. No. 27, at 2. Plaintiff has also included with the motion an Assignment of EAJA Fees, executed on May 23, 2023, in which he assigns any court awarded EAJA fees to his counsel and directs that any EAJA fees awarded be paid directly to his counsel. Doc. No. 27-1.

On review, to the extent that Plaintiff is asking the Court to order the Commissioner to honor the assignment of EAJA fees directly to his counsel, Plaintiff has not demonstrated that said assignment satisfies the Anti-Assignment Act. *See Crumbley v. Colvin*, No. 5:13-cv-291(MTT), 2014 WL 6388569, at *4–5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013). Therefore, I recommend the Court decline to order the Government to honor such assignment, although the Government may exercise its discretion to do so.

## III.     RECOMMENDATION.

Based on the foregoing, it is **RESPECTFULLY RECOMMENDED** that:

1. Plaintiff's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act (Doc. No. 27) be **GRANTED** to the extent that Plaintiff be awarded a total of $4,659.63 in attorneys' fees under the EAJA.

2. The motion be **DENIED** in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 23, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy